UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON STUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-1995-SNLJ |
| | ) |
| KIRK WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kirk Washington's motion to dismiss and to substitute the United States as a defendant (#4).

This matter began in state small claims court. Plaintiff, *pro se*, filed a state law malpractice claim against defendant Washington—a dentist—alleging he failed to fix an unspecified complication with plaintiff's tooth. Plaintiff sought $600 in damages. Defendant Washington is employed by Betty Jean Kerr – People's Health Centers. Defendant removed the case to federal court under the federal officer removal statute, 28 U.S.C. §1442(a), and also under a provision of the Westfall Act, 28 U.S.C. § 2679(d)(2). In doing so, he alleges he is "deemed to be a federal employee" because his employer, Betty Jean Kerr, is eligible for Federal Tort Claims Act ("FTCA") coverage, *see* 28 U.S.C. § 1346, pursuant to the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233(a), (h).

The FTCA waives sovereign immunity "against the United States, for money damages … [involving] injury or loss of property, or personal injury or death caused by

1

the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). The Westfall Act provides federal employees total immunity from tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1). It also empowers the Attorney General (or the United States Attorney acting on their behalf) to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claims arose." 28 U.S.C. § 2679(d)(1), (2). When this happens, "the employee is dismissed from the action, and the United States is [properly] substituted as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 230 (2007). If the action began in state court, the Westfall Act further calls for it to be removed to a federal district court, and the Attorney General's certification is treated as "conclusive … for purposes of removal." 28 U.S.C. § 2679(d)(2).

Here, the United States Attorney for this District certified that Betty Jean Kerr is a private entity eligible for FTCA coverage, that Washington was employed by Betty Jean Kerr, and that Washington was acting within the scope of his employment at the time of the incident complained of by plaintiff. (Doc. #1-3). The pending motion, thus, seeks Washington's substitution for the United States as party-defendant.

Because federal courts have exclusive jurisdiction over FTCA claims, 28 U.S.C. § 1346(b)(1), this Court initially considered whether this case's removal pursuant to §§ 1442 and 2679 was thwarted by the derivative jurisdiction doctrine. That doctrine states that, "if the state court lacks jurisdiction over the subject matter or the parties, the federal

court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). To be sure, there is a dispute in the federal courts about the application of the doctrine, but it is primarily in the context of the general removal statutes, 28 U.S.C. §§ 1441 and 1442. This Court is satisfied that the doctrine of derivative jurisdiction does not apply to this case because of the plain language of 28 U.S.C. § 2679(d)(2), which explicitly states that a civil action such as this must be removed:

> [A]ny civil action commenced upon such a claim in a State court <u>shall be removed</u>…at any time before trial…to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2) (emphasis added). In contrast, the general removal statutes are couched in the terms "may be removed." *See* 28 U.S.C. §§ 1441, 1442; *Katz v. Spiniello Companies*, 2016 WL 7209662 at *4 (D. Mass. Dec. 12, 2016). Further, this determination is consistent with the Supreme Court's decision in *Osborn*, 549 U.S. at 230, which held that the § 2679 removal of a case against a federal officer was, upon certification of the Attorney General, mandatory, without addressing the derivative jurisdiction doctrine at all.[1]

---

[1] It appears that no Circuit Court of Appeals has addressed this matter. Although there is some disagreement among district courts, this Court agrees with those that have determined that 28 U.S.C. § 2679(d)(2) allows for removal of an FTCA claim from state claim due to the explicit, mandatory language used by the statute. *Compare, e.g.*, *January Johnson v. United States*, 2018 WL 5880138 at *2-3 (C.D. Cal. June 12, 2018) (refusing to apply derivative jurisdiction to Section 2679 because its "application would render the removal provision of [that section] nonsensical if all actions so removed were dismissed for lack of subject matter jurisdiction) *and Katz v. Spiniello Companies*, 2016 WL 7209662, at *4 (D. Mass. Dec. 12, 2016) (same), *with Kennedy v. Paul*, 2013 WL 5435183, at *5 (D. Conn. Sept. 30, 2013) (applying derivative

The defendant's motion will be granted. Defendant Washington is dismissed, and the United States is substituted as defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kirk Washington's motion to dismiss and to substitute the United States as a defendant (#4) is **GRANTED**. The United States is substituted as party-defendant in place of Kirk Washington.

So ordered this 18th day of April 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

jurisdiction to Section 2679); *Barnaby v. Quintos*, 410 F. Supp. 2d 142 (S.D.N.Y. 2005) (same); *Johnson v. Dylong*, 1990 WL 37143 (N.D. Ill. Mar. 20, 1990) (same).