UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON STUBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-1995-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to dismiss for lack of subject-matter jurisdiction (#10). For the reasons explained below, this Court will **GRANT** defendant's motion.

This case involves a claim by plaintiff, Jason Stubbs, that dentist Kirk Washington failed to fix an unspecified complication with his tooth. Plaintiff initially sought six-hundred dollars in state small claims court. However, Washington is an employee of Betty Jean Kerr – People's Health Centers, which is eligible for Federal Tort Claims Act (FTCA) coverage. *See* 28 U.S.C. § 1346; *see also* 42 U.S.C. § 233(a), (h). Therefore, pursuant to 28 U.S.C. § 2679(d)(2), the case was removed to this Court and Washington was substituted with defendant as the appropriate party. *See Stubbs v. Washington*, 2019 WL 1745788 (E.D. Mo. Apr. 18, 2019).

Defendant now moves under Rule 12(b)(1) to have this case dismissed for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12 (b)(1). Defendant argues Section 2675(a) of the FTCA creates a jurisdictional prerequisite that prohibits this lawsuit since

plaintiff has not exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a). Plaintiff has not responded to defendant's motion, and is outside of the timeframe to do so pursuant to Local Rule 7-4.01(B).[1]

Defendant is correct. Section 2675(a) provides in pertinent part that "[a]n action *shall not be instituted* upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government … unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" (emphasis added). Thus, Section 2675(a) is a "jurisdictional precondition to filing an FTCA suit in federal district court." *Radford v. U.S.*, 178 F.Supp.3d 784, 789 (E.D. Mo. 2016); *see also Mader v. U.S.*, 654 F.3d 794, 800 (8th Cir. 2011) ("§ 2675(a) is a condition to the United States's waiver of sovereign immunity under the FTCA"). Defendant provides an affidavit from Meredith Torres, attorney for the Department of Health and Human Service (DHHS), stating that plaintiff did not present a claim to DHHS. Plaintiff, having failed to respond to defendant's motion, offers no contrary evidence and necessarily does not dispute that DHHS is the appropriate federal agency. Having failed to first present his claim to DHHS, this Court lacks subject-matter jurisdiction and, therefore, defendant's motion will be granted.

Accordingly,

---

[1] Plaintiff proceeds *pro se*. Thus, he was mailed a copy of defendant's motion and memoranda on April 23, 2019, thereby satisfying Rules 5(a)(1)(D) and 5(b)(2)(C) of the Federal Rules of Civil Procedure. When service is made under Rule 5(b)(2)(C), three days are added to the applicable expiration period pursuant to Rule 6(d). Accordingly, plaintiff would have had to respond to defendant's motion by May 3, 2019. He failed to do so.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of subject-matter jurisdiction (#10) is **GRANTED**. A separate Order of Dismissal to follow.

So ordered this 10th day of May 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE